## NILS PERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 7, 1911.

Nos. 17,084—(174).

**Verdict for defendant sustained.**

    An examination of the record disclosing no evidence tending to show negligence on the part of the defendant company, a verdict for the defendant was properly directed.

[1] Reported in 131 N. W. 1084.

Action in the district court for Grant county to recover $1,000 for personal injuries. The answer alleged negligence on the part of plaintiff. The reply denied the contributory negligence of plaintiff. The case was tried before Flaherty, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*N. J. Bothne,* for appellant.

*J. D. Sullivan,* for respondent.

SIMPSON, J.

Action to recover for personal injuries received by the plaintiff while in the employ of the defendant company and engaged in distributing ties along the defendant's track by throwing them from a moving train. The negligence of the defendant alleged as causing the injury was that while the plaintiff and another were on a moving train, holding a heavy tie and carrying the same to the side door of the car for the purpose of unloading it, the defendant, negligently and without warning, suddenly started up the train and caused the car to jerk and jolt so violently that the plaintiff lost his balance and the tie fell on plaintiff's foot, inflicting severe injury. Upon the trial, when the plaintiff rested his case, the court directed a verdict in favor of the defendant. From an order denying a new trial, plaintiff appeals.

From an examination of the record it appears that the plaintiff, to sustain the charge of negligence, testified that, while carrying a tie as alleged, the train made a quick jerk, and because thereof he dropped the tie on his foot. That the train increased its speed at the time of this jerk. There is nothing in the evidence that warrants the conclusion that the jerk testified to was unusual, or was caused by negligence of the persons controlling the movement of the train. It appeared from the evidence that at places ties were thrown off frequently from the train, and at other places for some distance none were distributed. No evidence was introduced tending to show that the increase of speed of the train testified to by plaintiff was not fully accounted for by the natural change in speed incident to the distributing of the ties at different intervals. Some jerkings

and changes in speed are usual, and probably necessary, incidents in the movement of freight trains. Jerking or jolting of a freight train, and an increase of speed not shown to be unusual or dangerous, would not establish a negligent operation of such train. In the absence of some evidence tending to show such negligence, a verdict for the defendant was necessarily directed.

The order appealed from is affirmed.